DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before us on appeal from the Erie County Court of Common Pleas, which granted summary judgment in favor of appellee, Nationwide Mutual Fire Insurance Company, pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660 and Kasson v. Goodman, 6th Dist. No. L-01-1432, 2002-Ohio-3022. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} On March 12, 1998, Michael Malone was injured in an automobile accident in Erie County, Ohio. At the time of the collision, Malone was employed by Industrial Nut Corporation. Malone sought uninsured/underinsured ("UM/UIM") coverage from his own insurance carrier, appellee, Nationwide Mutual Fire Insurance Company, and his employer's insurance carrier, appellant, Travelers Indemnity Company of Illinois. Appellee and appellant settled the UM/UIM claims with Malone, but reserved the issue of priority between each other. Following the settlement, appellee and appellant filed cross-motions for summary judgment. The trial court granted appellee's motion and found that appellant's underinsured motorist coverage was imposed by operation of law and became primary, rather than excess, coverage. Appellant then commenced the instant appeal and raises the following assignment of error:
 {¶ 3} "The trial court erred in granting Nationwide's motion for summary judgment."
 {¶ 4} On November 5, 2003, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, which limited Scott-Pontzer. The Galatis
court held in paragraph two of the syllabus:
 {¶ 5} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. * * *"
 {¶ 6} In the instant case, it was not alleged that Malone was acting within the scope and course of his employment at the time of the accident. Because Malone was not alleged to be acting within the scope of employment, the law no longer operates to require appellant's commercial auto policy to become primary rather than excess coverage. As such, appellant is not required to pay any additional contribution beyond the amount previously paid. Appellant's assignment of error is found well taken.
 {¶ 7} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Erie County Court of Common Pleas is reversed and the case is remanded for proceedings consistent with this decision. The costs of this appeal are assessed to appellee.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper and Lanzinger, JJ., concur.